IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06cv399

| | |
|---|---|
| EXECUTIVE RISK INDEMNITY INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| ALEXANDER KLOSEK, individually and ) | |
| as TRUSTEE OF PINNACLE FIDUCIARY ) | |
| & TRUST GROUP IRREVOCABLE ASSET ) | |
| MANAGEMENT TRUST, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court upon plaintiff's Motion for Judgment on the Pleadings (#10). Plaintiff filed its motion on March 12, 2007, and supported such motion with its Memorandum of Law (#10-2). A certificate of service was attached to such consolidated pleading, indicating service of both the motion and the supporting brief on counsel for defendant Alexander Klosek, individually. (#10, at page 3) Further, the official "Notice of Electronic Filing" indicates that such motion and brief were served electronically on counsel for defendant Alexander Klosek, individually, that same day. (#10, "NEF") Defendant Alexander Klosek, individually's, response to such motion was due to be filed not later than March 29,

1

2007. No response was filed, making plaintiff's Motion for Judgment on the Pleadings uncontested by such defendant.

Defendant Alexander Klosek, as trustee, although served separately with process, has not made an appearance and has not filed an Answer or other responsive pleading within the time provided by the Federal Rules of Civil Procedure. Plaintiff has not sought entry of default as to such defendant and the instant motion is not addressed to such party. Thus, plaintiff's Motion for Judgment on the Pleadings is only applicable to the claims asserted against defendant Alexander Klosek in his individual capacity. Reference to "defendant" hereinafter is intended only to be a reference to Alexander Klosek, individually.

## FINDINGS AND CONCLUSIONS

### I. Applicable Standard

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." In resolving a motion for judgment on the pleadings, the court must accept all of the nonmovant's factual averments as true and draw all reasonable inferences in its favor. Bradley v. Ramsey, 329 F. Supp. 2d 617, 622 (W.D.N.C. 2004); Atwater v. Nortel Networks, Inc., 394 F. Supp. 2d 730, 731 (M.D.N.C. 2005). Judgment on the pleadings is warranted where the undisputed facts demonstrate that

the moving party is entitled to judgment as a matter of law. Bradley, 329 F. Supp. 2d at 622. The standard is similar to that used in ruling on Rule 12(b)(6) motion "with the key difference being that on a 12(c) motion, the court is to consider the answer as well as the complaint." Continental Cleaning Serv. V. United Parcel Serv., Inc., 1999 WL 1939249, at *1 (M.D.N.C. April 13, 1999) (internal citations omitted).

In resolving a motion for judgment on the pleadings, the court may rely on admitted facts in the pleadings, documents attached to the pleadings, and facts contained in materials of which the court may take judicial notice. Bradley, 329 F. Supp. 2d, at 622 (noting that the Court should consider documents attached to the pleadings); Hebert Abstract Co. v. Touchstone Prop., Ltd., 914 F.2d 74, 76 (5th Cir. 1990) (holding that court should consider pleadings and judicially noticed facts). Where an insurance policy is "integral to and explicitly relied upon in the complaint," the policy itself should be considered along with the factual allegations of the complaint and answer. Colin v. Marconi Commerce Sys. Employees' Retirement Plan, 335 F. Supp. 2d 590, 596 (M.D.N.C. 2004).

## II. Discussion

In accordance with Rule 12(c), Federal Rule of Civil Procedure, plaintiff moved for judgment on the pleadings, seeking the following relief:

(1)   granting judgment on the pleadings on Count I of the Complaint;

(2) declaring that Chubb PROE&O Policy number 6803-9316, issued by plaintiff to Alexander Klosek Trustee of the Pinnacle Fiduciary & Trust Group Irrevocable Asset Management Trust (the "Policy") is rescinded and void *ab initio*; and

(3) declaring that plaintiff is authorized to return the Policy premium by delivering same to the Trustee care of the Morrow Insurance Agency, Inc., the producing agency identified in the application for the Policy.

For cause, plaintiff has shown that it is entitled to the judgment it seeks against defendant based on the undisputed facts as established by the Complaint and defendant's Answer.

Review of the Complaint reveals that plaintiff has attached the policy it issued as Exhibit A. That policy, by its terms, provides coverage for "ALEXANDER KLOSEK TRUSTEE OF THE PINNACLE FIDUCIARY & TRUST GROUP IRREVOCABLE ASSET MANAGEMENT TRUST," for claims made against Mr. Klosek in his capacity as trustee. No where in such policy does plaintiff provide coverage to Alexander Klosek, individually. In Count I of the Complaint, plaintiff fails to distinguish between defendant Alexander Klosek, individually, and defendant Alexander Klosek, trustee. Instead, plaintiff simply refers to "Klosek." Thus, to the extent "Klosek" refers to defendant Alexander Klosek, individually, and to the extent

4

the policy could be read as to provide coverage to such defendant in his individual capacity, the undersigned has considered the Motion for Judgment on the Pleadings.

Plaintiff has shown on the pleadings that the policy it issued to defendant, to the extent it did so in defendant's individual capacity, is void because defendant has admitted that he made material and false representations in his application for insurance coverage. Defendant has admitted in his individual Answer that he gave false information in response to Question 29 in the Application, falsely stating therein that there had been no "errors and omissions" claims made against him within the past five years. Complaint, at ¶ 31; Answer, at ¶ 31. Specifically, defendant admits in his Answer that the Jordan Actions, which alleged investment fraud and mismanagement and were filed less than five years before the Application dates, were "errors and omissions claims." Complaint, at ¶¶ 28, 31; Answer, at ¶¶ 28, 31. Thus, defendant's failure to disclose the Jordan Actions in response to Question 29 rendered his response false. Complaint, at ¶ 31; Answer, at ¶ 31.

Second, defendant's individual Answer also admits that his statement in the Original Application that neither the Trust nor any Trustee had knowledge of "any circumstances which might give rise to a claim being made against the Trust or Trustees," as well as a similar statement in response to Question 27, were false. Complaint, at ¶ 32; Answer, at ¶ 32. Those statements were false because the facts

alleged in the Jordan Actions, and other information known to defendant "relating to the use of [the Trust's] client funds and the operation of the Trust," were "facts or circumstances that might reasonably be expected to give rise to a claim." Complaint, at ¶ 32; Answer, at ¶ 32.

If defendant had timely responded to the Motion for Judgment on the Pleadings, the court assumes he would have argued that his misrepresentations and omissions in answering the Application "were unintentional and not made with any intent to deceive," consistent with his Answer. See Answer, at ¶¶ 31, 32. The intent of the party, however, has no relevance under North Carolina insurance law, inasmuch as a mistaken misrepresentation is treated the same as a dishonest one.

> [A] misrepresentation of a material fact, or the suppression thereof, in an application for insurance, will avoid the policy "even though the assured be innocent of fraud or an intention to deceive or to wrongfully induce the assurer to act, or whether the statement be made in ignorance or good faith, or unintentionally."

Metro. Prop. and Cas. Ins. Co. v. Dillard, 487 S.E.2d 157,159-60 (N.C.App. 1997)(quoting Tharrington v. Sturdivant Life Ins. Co., 443 S.E.2d 797, 801 (N.C. App. 1994). Thus, material misrepresentations render the Policy void under North Carolina law even if they are "made in ignorance or good faith, or unintentionally." Id. Section XIV of the Policy at issue herein applies as long as the defendant knew of the facts that were not truthfully disclosed, regardless of whether the Insured

6

intentionally made misrepresentations in the Application.

Finally, plaintiff has shown that the misrepresentation were material. In North Carolina

> a representation in an application for an insurance policy is deemed material "if the knowledge or ignorance of it would naturally influence the judgment of the insurer in making the contract, or in estimating the degree and character of the risk, or in fixing the rate of premium."

Goodwin v. Investors Life Ins. Co. of North America, 419 S.E.2d 766, 769 (N.C. 1992) (quoting Tolbert v. Ins. Co., 72 S.E.2d 915, 917 (N.C. 1952)) (emphasis omitted). Section XIV of the Policy specifically provides that each of the statements in the Application is "material." Complaint, at ¶ 19; Answer, at ¶ 19.

Finally, the materiality of such misrepresentations and omission is readily apparent from the nature of the policy, which was wrongful acts by a trustee. Policy, Sect. II(B)(1)(c). Such information would have influenced a indemnity insurer on a trustee policy just as an undisclosed and bad driving record would have influenced an automotive insurer on a car policy. The undersigned finds that plaintiff is entitled to the judgment it seeks against defendant in his individual capacity as to Claim I.

Finally, plaintiff has, in accordance with the disputed Policy, tendered in its Complaint return of the premiums paid. Because plaintiff does not know who paid the policy, it has requested permission to tender the premiums to the procuring

7

agency, which is identified in the Application. The undersigned concurs that such would be an appropriate method of replevin. At this point, however, Count I remains outstanding and unresolved as to defendant sued in his capacity as trustee and it would be premature to hold that the policy is void as to defendant in his capacity as trustee or direct the refund of the premium.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that plaintiff's Motion for Judgment on the Pleadings (#10) be **ALLOWED**, and that **JUDGMENT** be entered in favor of plaintiff on Count I and against defendant Alexander Kloesk, individually, as follows:

(1) granting judgment on the pleadings on Count I of the Complaint against defendant individually;

(2) declaring that Chubb PROE&O Policy number 6803-9316, issued by plaintiff to Alexander Klosek Trustee of the Pinnacle Fiduciary & Trust Group Irrevocable Asset Management Trust (the "Policy") be rescinded and void *ab initio* as to defendant individually; and

(3) that the district court withhold entering a declaration declaring that plaintiff is authorized to return the Policy premium by delivering same

to the Trustee care of the Morrow Insurance Agency, Inc., the producing agency identified in the application for the Policy, until such time as judgment is rendered, if ever, against defendant in his capacity as trustee.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: April 4, 2007

Dennis L. Howell
United States Magistrate Judge