# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06cv399

| | |
|---|---|
| EXECUTIVE RISK INDEMNITY INC., | )<br>) |
| Plaintiff, | )<br>) |
| Vs. | ) AMENDMENT TO<br>) MEMORANDUM AND<br>) RECOMMENDATION |
| ALEXANDER KLOSEK, individually and as TRUSTEE OF PINNACLE FIDUCIARY & TRUST GROUP IRREVOCABLE ASSET MANAGEMENT TRUST, | )<br>)<br>)<br>)<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the court upon plaintiff's Motion for Judgment on the Pleadings (#10), the undersigned's earlier Memorandum and Recommendation, and the district court's Order of May, 2007, remanding the memorandum and Recommendation to the undersigned for clarification in light of plaintiff's Objection (#17). Having considered the clarification sought in such Objection, and having been informed that defendant does not oppose such clarification, the undersigned enters the following as a clarification to the Memorandum and Recommendation.

1

# RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that the previously submitted Memorandum and Recommendation is hereby resubmitted with the following clarification, replacing the last paragraph on page four with the following paragraph, with the clarification being in italics:

> Review of the Complaint reveals that plaintiff has attached the policy it issued as Exhibit A. That policy, by its terms, provides coverage for "ALEXANDER KLOSEK TRUSTEE OF THE PINNACLE FIDUCIARY & TRUST GROUP IRREVOCABLE ASSET MANAGEMENT TRUST," for claims made against Mr. Klosek in his capacity as trustee. No where in such policy does plaintiff provide coverage to Alexander Klosek, individually. In Count I of the Complaint, plaintiff fails to distinguish between defendant Alexander Klosek, individually, and defendant Alexander Klosek, trustee. Instead, plaintiff simply refers to "Klosek." Thus, to the extent "Klosek" refers to defendant Alexander Klosek, individually, and to the extent the policy could be read as to provide coverage to such defendant in his individual capacity, the undersigned has considered the Motion for Judgment on the Pleadings. *Under North Carolina law, coverage would, of course, extend to claims made against Mr. Klosek when sued in his individual capacity for claims predicated on Mr. Klosek's alleged acts or omissions in his official capacity as a trustee.* <u>Fortune v. First Union Nat. Bank</u>, 323 N.C. 146, 149 (1988).

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. Failure to file objections to this Memorandum and Recommendation with

the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: May 7, 2007

Dennis L. Howell
United States Magistrate Judge