**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

**CIVIL NO. 1:06CV399**

| | | |
|---|---|---|
| **EXECUTIVE RISK INDEMNITY, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | **O R D E R** |
| | ) | |
| **ALEXANDER KLOSEK, individually and as Trustee of Pinnacle Fiduciary & Trust Group Irrevocable Asset Management Trust,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| ________________________________ | ) | |

**THIS MATTER** is before the Court on the Memorandum and Recommendation of United States Magistrate Judge Dennis Howell and the Plaintiff's motion for default judgment.

## I. PROCEDURAL HISTORY

The Plaintiff initiated this action by complaint filed December 29, 2006, against Alexander Klosek (Klosek) individually and in his capacity as a trustee (Trustee). Plaintiff alleged that an insurance policy had been issued to Alexander Klosek as the Trustee of the Pinnacle Fiduciary &

Trust Group Irrevocable Asset Management Trust (the Trust). However, in the application for the policy, Klosek, both individually and as Trustee, misrepresented and omitted material information. As a result, the Plaintiff sought declaratory judgment that the policy must be rescinded as void *ab initio* as to each Defendant and permission to return the premium. As alternative relief, the Plaintiff alleged that each of the Defendants had breached the insurance contract.

Klosek filed an answer in his individual capacity only. No answer was filed on behalf of Klosek as Trustee.

Thereafter, the Plaintiff moved for judgment on the pleadings but did not specify whether such judgment was sought as to one or both of the Defendants. Klosek, individually, did not file any response to the motion. Klosek as Trustee never filed any appearance in the action and did not respond to the motion.

The Magistrate Judge entered a Memorandum and Recommendation on April 4, 2006, in which he noted that the motion for judgment on the pleadings had been served on Klosek's attorney representing him only in his individual capacity. He also noted that the Plaintiff had not yet moved

for entry of default as to Klosek as Trustee. The Magistrate Judge recommended granting the Plaintiff's motion as to Klosek individually.

The Plaintiff thereafter filed a "limited objection" to the recommendation. The Plaintiff agreed with the Magistrate Judge's recommendation that the policy be declared void *ab initio* as to Klosek individually but sought clarification on one point. The Plaintiff sought clarification that the declaratory judgment would apply to any claim against Klosek in his individual capacity "even if the claim is based on acts or omissions allegedly committed by Klosek as a Trustee."

The Magistrate Judge responded to this request for clarification by noting that under North Carolina law, coverage under the insurance policy would extend to Klosek when sued in his individual capacity for acts or omissions in his official capacity as a trustee. Of course, since the Plaintiff's motion for judgment on the pleadings went unanswered by Klosek, the Plaintiff is correct that the declaratory judgment applies to any claim against Klosek in his individual capacity even if it is based on acts or omissions committed by Klosek as a trustee.

In the meantime, the Plaintiff moved for entry of default against Klosek as Trustee. Because the Memorandum and Recommendation

remained pending, the Clerk of Court did not enter default. The Plaintiff also moved for entry of default judgment. That motion remains pending.

## II. DISCUSSION

Pursuant to standing orders of designation and 28 U.S.C. § 636, the undersigned referred the Plaintiff's motion for judgment on the pleadings to the Magistrate Judge for a recommendation as to disposition. Having conducted a *de novo* review of those portions of the recommendation to which specific objections were filed, the recommendation is adopted and the Defendant's motion is granted. **28 U.S.C. § 636(b); Fed. R. Civ. P. 72.**

The Court finds that the motion for default judgment should be granted against Klosek as Trustee. **Fed. R. Civ. P. 55.** However, because the Clerk of Court has not yet made entry of default, default judgment will be entered only after entry of default has been accomplished. ***Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993); *but see, Mwani v. bin Laden*, 417 F.3d 1, 6 n.3 (D.C. Cir. 2005) ("The district court intentionally collapsed the two stages of default, treating the**

**plaintiffs' motion for entry of default by the clerk as a motion for entry of a default judgment by the court.") (internal citations omitted)).**

## III. ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's motion for judgment on the pleadings is hereby **GRANTED** as to Count I of the Complaint against Defendant Klosek individually; the Court hereby declares that Chubb PROE&O Policy number 6803-9316, issued by the Plaintiff to Alexander Klosek, Trustee of the Pinnacle Fiduciary & Trust Group Irrevocable Asset Management Trust, is rescinded and void *ab initio* as to Klosek individually, and this declaration shall apply to any claim against Klosek in his individual capacity, including any such claim based on his alleged acts or omissions as a Trustee;

**IT IS FURTHER ORDERED** that Count II of the complaint is hereby **DISMISSED** as moot as to Defendant Klosek individually;

**IT IS FURTHER ORDERED** that by separate Declaratory Judgment and Judgment by Default to be entered after entry of default by the Clerk of Court, the Plaintiff shall be authorized to return the Policy premium by delivering the same to the Trustee in care of the Morrow Insurance

Agency, Inc., the producing agency identified in the application for the Policy;

**IT IS FURTHER ORDERED** that the Clerk of Court enter default forthwith;

**IT IS FURTHER ORDERED** that, upon the Clerk's entry of default, the undersigned shall enter Judgment by Default against Klosek as Trustee granting the same relief as granted in this Order.

Signed: June 11, 2007

Lacy H. Thornburg
United States District Judge